

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N W*
*Washington, D C. 20001*

August 27, 2007

**FILED**

SEP 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tony Miles, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004


        Re:     *United States v. Allen G. Love*
                *Case No. 07-27 (RBW)*

Dear Mr. Miles:

    This letter confirms the agreement between your client, Allen Love, and the Office of the United States Attorney for the District of Columbia and the Office of the United States Attorney for the Northern District of Illinois (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Allen Love's Obligations, Acknowledgments and Waivers</u>:

    1. Your client, Allen Love, agrees to admit guilt and enter a plea of guilty to Count One of a Superceding Information. Count One of the Superceding Information charges your client with Transporting or Shipping Material Involving Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and 2256. Your client understands that pursuant to 18 United States Code § 2252A, this offense carries a minimum sentence of 5 years imprisonment and a maximum sentence of 20 years imprisonment. Your client also agrees to admit to the relevant conduct (described in detail below and in the attached proffer) of possessing at his home in the Northern District of Illinois material involving child pornography. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client further understands that he will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571

and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

2. The Government agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct. Moreover, your client agrees that had this matter gone to trial, the government would have been able to prove the facts in the attached proffer by clear and competent evidence beyond a reasonable doubt.

3. In addition, your client agrees to waive his interest in and not to contest the administrative forfeiture of the following property: Compaq CPU with serial number CNH5250VXD; Logitech webcam; homemade desktop CPU with sticker number C54446-001; IBM DALA-3540 hard drive with serial number 85G3847; Sandisk Cruzer thumbdrive with serial number BB061203B; Western Digital Caviar harddrive with serial number WM420; Linksys WRT54G wireless router with serial number CDFD1FA99843; Cgate Model ST351A-X harddrive with serial number 913001-305; Memorex 512mb thumbdrive; Memorex 1G thumbdrive; homemade desktop CPU with no serial number; Dell laptop computer with serial number CN0C88624864355S2194; IBM desktop with serial number 22761830397; Packard Bell desktop computer with serial number 842105101; Quantam with serial number 1000068352; Cgate with serial number CBDAFCKB09; Samson thumbdrive with serial number WN321620A; Conner harddrive with serial number 94111031; Cgate harddrive with serial number 9A600771; Cgate hardrive with serial number 911006305; and any CDs, DVDs, VHS cassettes, and floppy disks containing child pornography. Your client acknowledges and agrees that the Government reserves its right to bring civil actions, if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute. Your client warrants that your client is the sole owner of all of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement. Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to

advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as "property facilitating illegal conduct."

4. Your client agrees and will acknowledge that, pursuant to Section 1B1.3 of the Sentencing Guidelines, between October 19, 2006, and December 14, 2006, your client transmitted four images of child pornography from Illinois to the District of Columbia, and two movie clips of child pornography from Illinois to the District of Columbia. Of these transmitted images, two images were identified by the National Center for Missing and Exploited Children as known juvenile victims. Your client also agrees and will acknowledge, pursuant to Section 1B1.3 of the Sentencing Guidelines that on January 25, 2007, he possessed in Illinois over 600 images of child pornography. Of these, over 245 images were identified by the National Center for Missing and Exploited Children as a known juvenile victims. Your client also agrees and will acknowledge the following: 1) that some of the material involved a prepubescent minor or a minor who had not attained the age of 12 years; 2) that some of the material portrayed sadistic or masochistic conduct or other depictions of violence; and that the offense involved the use of a computer for the possession, transmission, receipt, or distribution of the images.

5. Your client acknowledges that the Government will request that your client be held without bond pending sentencing.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

7. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10. Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 42 USC §§ 16911; 16915 he is required to register as a sex offender for a period of twenty-five years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. Code § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. §3583 and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

11. The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense

level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

12. The Government agrees to dismiss the pending indictment, and to dismiss count two of the superceding information. This agreement does not preclude later prosecution of your client for any crimes which are not specifically addressed in this agreement.

13. The Government agrees to allocute for a sentence at the low end of the applicable Sentencing Guidelines range.

General Conditions

14. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia and the United States Attorney's Office for the Northern District of Illinois - Western Division. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between these Offices and your client.

15. This agreement only binds the United States Attorney's Office for the District of Columbia, and the United States Attorney's Office for the Northern District of Illinois - Western Division. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

16. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

Jeffrey A. Taylor
United States Attorney
 for the District of Columbia

Patrick Fitzgerald
United States Attorney
 for the Northern District of Illinois

Catherine K. Connelly
Assistant United States Attorney
 for the District of Columbia

Monica Mallory
Assistant United States Attorney
 for the Northern District of Illinois

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Tony Miles, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/4/07

Allen Love
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/4/07

Tony Miles, Esquire
Attorney for the Defendant

7