UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-27 (RBW) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN G. LOVE | : | |

**GOVERNMENT'S SECOND MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this second memorandum in aid of sentencing. In its initial memorandum in aid of sentencing, the government mis-calculated the defendant's applicable guidelines range. As such, the government submits this second memorandum to correct that error.

The Guidelines calculation utilized in the Presentence Report ("PSR") calculates the defendant's total offense level at 39. See PSR ¶ 41. This calculation contemplates a three level downward adjustment for acceptance of responsibility, and the following enhancements: two levels pursuant to U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor, four levels pursuant to U.S.S.G. § 2G2.2(b)(4) because the material involved portrays sadistic or masochistic conduct or other depictions of violence, two levels pursuant to U.S.S.G. § 2G2.2(b)(6) because a computer was used to facilitate this offense, and five levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because of the number of images involved. This calculation also contemplates a seven level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(E) under the theory that the material was distributed with the intent to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct. See PSR ¶ 31. The defendant objects to this enhancement. The government did not include this enhancement in the plea agreement. As such, the government

1

calculates the offense level without this enhancement. However, if this enhancement is not applied, the defendant is subject to a two level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(F) because the defendant distributed material involving the sexual exploitation of a minor.[1] As such, the defendant's total offense level is 34. The PSR calculates the defendant's criminal history as Category I. See PSR ¶ 46. Therefore, the PSR calculates the guideline range for the defendant at 262 to 327 months. See PSR ¶ 76. However, as noted above, based upon the plea agreement, the government's calculations do not apply the seven level enhancement under U.S.S.G. § 2G2.2(b)(3)(E). Accordingly, the government calculates the defendant's guideline range as 151 to 188 months of imprisonment.

Wherefore, for all the reasons provided in the government's initial memorandum in aid of sentencing, the government respectfully requests that the Court sentence the defendant to 151 months of incarceration, to be followed by a lifetime of supervised release, with the special conditions outlined in the government's initial memorandum in aid of sentencing.

Respectfully submitted,

JEFFREY TAYLOR
United States Attorney

**Catherine K. Connelly**
Assistant United States Attorney
Major Crimes Section, Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

---

[1] The sentencing calculation in the government's initial memorandum in aid of sentencing omitted this enhancement.