**HONORABLE REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Docket No.: <u>07-CR-27</u> |
| | : | |
| vs. | : | |
| | : | |
| **LOVE, Allen G.** | : | Disclosure Date: <u>October 18, 2007</u> |

<u>RECEIPT AND ACKNOWLEDGMENT OF
PRESENTENCE INVESTIGATION REPORT</u>

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

<u>For the Government</u>

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    ( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                                           _____
**Prosecuting Attorney**                                                                              Date

<u>For the Defendant</u>

(CHECK APPROPRIATE BOX)
    ( ) There are no material/factual inaccuracies therein.
    (✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signature]_ 10/30/07                 _Tony W. M____ 10/30/07
**Defendant**   Date                                             Defense Counsel   Date

<u>NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM</u>

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>November 1, 2007</u>, to U.S. Probation Officer **Michael Penders**, telephone number <u>(202) 565-1379</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:    Gennine A. Hagar, Chief
        United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone (202) 208-7500
FAX (202) 208-7515

October 31, 2007

**BY HAND DELIVERY AND BY FAX (202) 273-0193**

Mr. Michael Penders
United States Probation Officer
3rd & Constitution Ave., N.W.
Washington, D.C. 20001

Re: <u>United States v. Allen Love</u> [Cr. No. 07-27 (RBW)]

Mr. Penders:

      On behalf of the defense, I am submitting Mr. Love's objections to the Presentence Report (PSR) in this case. Mr. Love's objections are as follows:

      -From page 4 to page 6, in "The Offense Conduct" section, there are allegations in the PSR which are not contained in the "Factual Proffer in Support of Guilty Plea" which has been filed in connection with the plea agreement and which represents a joint statement by the parties. For various reasons, including the lack of any verification for some claims, Mr. Love does not concede any facts in the PSR's "The Offense Conduct" section that are not contained in the factual proffer. The paragraphs with which Mr. Love has an objection include, but are not limited to, paragraphs 16, 19, 21, 22. These paragraphs contain information that is irrelevant to the instant offense conduct and/or that has not been sufficiently proven.

      -On page 7, ¶ 31, a seven level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(E) is inapplicable. The evidence does not show that Mr. Love distributed material to a minor or even to a person he believed to be a minor. See U.S.S.G. § 2G2.2, Application Note 1 ("Distribution to a Minor"). Rather, Mr. Love distributed all material involved in this case to an undercover law enforcement officer who was posing as an adult. Additionally, there is no evidence which competently shows that Mr. Love distributed any material with the intent to "persuade, induce, entice, coerce, or facilitate the travel" of a minor for purposes of engaging in prohibited sexual conduct as required by § 2G2.2(b)(3)(E).

      -On page 7, ¶ 38, due to the above objection, the correct "Adjusted Offense Level (Subtotal)" is 35.

-On page 8, ¶ 40, due to the above objection, the correct "Total Offense Level" is 32.

-On page 8, ¶ 40, due to the above objection, the correct "Total Offense Level" is 32.

-On page 10, due to the highly prejudicial nature of the allegations contained in paragraphs 53 & 54, the paragraphs should be omitted from the PSR unless the allegations can be supported by more credible and reliable evidence.

-On page 11 ¶ 55, the PSR should note that Mr. Love's mother recently passed due to her ailments on October 7, 2007.

-On page 11 ¶ 60, the information contained in this paragraph should be removed from the report because it is not relevant to sentencing in this case.

-On page 13, ¶ 72, because Mr. Love understands that comparable houses in the neighborhood of his mother's/brother's home recently sold for about $60,000 to $65,000, Mr. Love believes the family home is worth about $60,000 or $65,000.

-On page 13, ¶ 76, due to corrections listed above, Mr. Love's total offense level is 32 and his correct sentencing guideline range is 121-151 months.

-On page 14, ¶ 77, because the guideline range applicable to this case is below the twenty years statutory maximum sentence, this paragraph should be removed.

 -On page 17, ¶ 95, because the total offense level is 32, the guideline fine range in this case is $17,500 to $175,000.

-On page 18, ¶ 98, a departure may not be warranted due to the number of images in this case because all of the images recovered from Mr. Love did not contain child pornography. Defense counsel and the law enforcement officer handling this case worked together to confirm only that there were more than 600 images for sentencing guidelines purposes and they did not confirm together whether the amount of images were substantially greater than 600.[1]

Thank you for your assistance.

                                                              Sincerely,

                                                              *[signature]*
                                                              Tony W. Miles
                                                              Asst. Federal Public Defender

cc: AUSA Catherine K. Connelly

---

[1] It should be noted that several videos were included in this 600 images figure and, under the guidelines, each video image is counted as 75 images. U.S.S.G. § 2G2.2, Application Note 4(B)(ii).