AO 245B   (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA
V.
ALLEN G. LOVE

JUDGMENT IN A CRIMINAL CASE **FILED**

DEC 1 9 2007

Case Number: CR 07-27

USM Number: 30136-424

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tony Miles
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    Count 1 of Superseding Information on 9/4/07

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC 2252A(a)(1) and 2256 | Transporting or Shipping Material Involving Child Pornography | December 7, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) 2                                                                                         is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/7/07
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Reggie B. Walton                    U.S. District Court Judge
Name of Judge                       Title of Judge

12/19/07
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __9__

DEFENDANT: ALLEN G. LOVE
CASE NUMBER: CR 07-27

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

ONE HUNDRED AND EIGHTY-EIGHT (188) months in Prison on Count 1 and credit for anytime he is entitled to received.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be permitted to serve his sentence near his hometown in the State of Illinois so he can maintain contact with his family.
That the defendant be placed in a facility where he can receive sex offender treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____   ☐ a.m.   ☐ p.m.   on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  · (Rev. 06/05) Judgment in a Criminal Case
         · · Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: ALLEN G. LOVE
CASE NUMBER: CR 07-27

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Life on Count 1;

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☑    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: ALLEN G. LOVE
CASE NUMBER: CR 07-27

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not associate with any known sex offenders or groups.

The defendant shall have no direct, or indirect, contact with children under the age of 18, and shall refrain from loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools. He shall not reside with a child or children under the age of 18 without the expressed and written approval of the minor's legal guardian and the written permission of the Court.

The defendant shall not be employed in any capacity or participate in any volunteer activity that involves contact with minors under the age of 18, except under circumstances approved in advance and in writing by the Court.

The defendant shall not possess or use a computer that has access to any "on-line computer service" at any location, including his place of employment, without the prior written approval of the Probation Office. "On-line computer service" includes, but is not limited to, any Internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall not possess any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, and/or computer programs or services that are relevant to the offender's deviant behavior pattern. He shall not patronize any place where pornography or erotica can be accessed, obtained, or viewed, including establishments where sexual entertainment is available.

The defendant shall participate in a mental health program specifically related to sexual offender therapy, as approved by the Probation Office. The defendant shall abide by all program rules, requirements and conditions, which may include, but is not limited to, submission to periodic and random polygraph testing, plethysmograph examinations, and ABEL Assessment, as directed by the Probation Office.

The defendant is required to keep the Probation Office aware of his whereabouts for the remainder of his life and shall comply with the Sex Offender Registration requirements for convicted sex offenders in any state or jurisdiction where he resides, is employed, carries on a vocation, or is a student.

The defendant shall not own or possess any type of camera or video recording device without the approval of the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The Court finds the defendant does not have the ability to pay court costs for incarceration, and/or community supervision.

|  |  |  |
|---|---|---|
| DEFENDANT: ALLEN G. LOVE | Judgment — Page | 5 of 9 |
| CASE NUMBER: CR 07-27 | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.